UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUTH P. SIMS,

                      Plaintiff,

          -against-

MONICA KOLOHARI,

                     Defendant.

25-CV-9853 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently at Central New York Psychiatric Center in Marcy, New York, brings this action *pro se*. Plaintiff asserts claims that arose in 2011, against an employee of the Strong Ties Community Support Clinic in Rochester, Monroe County, New York. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

**DISCUSSION**

      Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

      For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

      Venue of Plaintiff's claims does not appear to be proper in this district under Section 1391(b)(1) based on the defendant's residence, which is not specified. Defendant Kolohari is

alleged to have been working in Monroe County, New York, in 2011, at the time of the incident. (ECF 1 at 4.)

Venue of Plaintiff's claims also does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred. Plaintiff alleges that Defendant violated her rights at the Strong Ties Community Support Clinic in Rochester, Monroe County, New York. Monroe County is within the Western District of New York. *See* 28 U.S.C. § 112(d).

Because the events giving rise to Plaintiff's claims occurred in Monroe County, venue is proper under Section 1391(b)(2) in the Western District of New York.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Monroe County, and it is reasonable to expect that all relevant documents and witnesses also would be in that district. The Western District of New York appears to be a more

convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 1, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge